10-4614-ag
Ruiz Ruiz  v. Holder

BIA
A098 478 201

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29ᵗʰ day of November, two thousand eleven.

PRESENT:
    GUIDO CALABRESI,
    REENA RAGGI,
    RICHARD C. WESLEY,
        *Circuit Judges.*

_____

JUAN JAIRO RUIZ RUIZ,
        *Petitioner,*

    v.                              10-4614-ag
                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Glenn L. Formica, New Haven,
                         Connecticut.

FOR RESPONDENT:          Tony West, Assistant Attorney General;
                         Richard M. Evans, Assistant Director;
                         Benjamin J. Zeitlin, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED.

Petitioner Juan Jairo Ruiz Ruiz, a native and citizen of Colombia, seeks review of an October 19, 2010, order of the BIA denying his motions to reconsider and reopen. *In re Juan Jairo Ruiz Ruiz*, No. A098 478 201 (B.I.A. Oct. 19, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

It is undisputed that Ruiz Ruiz's motion to reopen was untimely and number-barred because it was filed more that 90 days after the agency's final administrative decision and it was his second motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). Moreover, Ruiz Ruiz does not argue that the BIA should have found the time and numerical limitations for filing his motion excused by one of the statutory or regulatory exceptions; rather, his only contention is that the BIA abused its discretion by declining to exercise its *sua sponte* reopening authority. We lack jurisdiction to consider the BIA's "entirely discretionary" decision regarding whether to reopen removal

proceedings *sua sponte*.  *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006); *accord Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009); *see also Luna v. Holder*, 637 F.3d 85, 96 (2d Cir. 2011) (stating that court lacks jurisdiction to review denials of "regulatory (i.e., sua sponte) motions to reopen" because they "are committed to agency discretion"). Although remand is appropriate "where the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood*, 570 F.3d at 469, the BIA made no such error here.  *See Matter of Velarde-Pacheco*, 23 I. & N. Dec. 253, 256 (BIA 2002) (holding that the agency may grant a motion to reopen in the exercise of its discretion to pursue an adjustment application if, among other factors, the motion was timely filed and not numerically barred); *see also Matter of Yauri*, 25 I. & N. Dec. 103, 105 (BIA 2009) (emphasizing "that untimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen before the Board and will ordinarily be denied") (citing 8 U.S.C. § 1229a(c)(7)(C)(ii)-(iv) and 8 C.F.R. § 1003.2(c)(3)).

Ruiz Ruiz does not challenge the BIA's denial of his motion to reconsider.

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk